Submitted August 13, reversed and remanded September 30, 2015

In the Matter of B. R.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. N.,
*Appellant.*

Josephine County Circuit Court
140139J;
Petition Number 140139J01;
A159031 (Control)

In the Matter of C.-A. R.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. N.,
*Appellant.*

Josephine County Circuit Court
140140J
Petition Number 140140J01;
A159032

360 P3d 535

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

## PER CURIAM

Mother appeals jurisdictional judgments that placed her two children in the custody of the Department of Human Services (DHS) and made them wards of the juvenile court. ORS 419B.372; ORS 419B.328. At the jurisdictional hearing, mother was unable to appear in person, and the court allowed her to listen to the hearing by telephone. Mother moved to continue the hearing to a later date on the ground that DHS had recently amended the petition, adding new allegations for which she required additional discovery. DHS countered with a request that it be allowed to present its *prima facie* case without mother's participation. The juvenile court denied mother's motion—it did not find good cause to continue because of mother's personal absence—and allowed DHS to proceed. And, although mother appeared by telephone, the court refused to allow her to testify to oppose DHS's case against her. DHS made its case without mother's participation, and the court took jurisdiction over children.

Mother raises multiple assignments of error. We write only to address mother's assignment of error in which she argues that, because she had not disappeared or otherwise made herself unavailable, and her attorney was at the hearing to request a continuance, she had not failed to appear, which was the court's reason for allowing DHS to proceed with its *prima facie* case. Mother seeks reversal of the jurisdictional judgments without a remand for further proceedings.[1]

DHS concedes that the jurisdictional judgments should be reversed but for a different reason than that advanced by mother. That is, DHS points out that, although a parent who has been summoned for a jurisdictional hearing must appear personally, ORS 419B.815(2)(a), and the court may establish jurisdiction in that parent's absence, ORS 419B.815(7), the court may allow a parent to appear by telephone "on timely written motion * * * showing good

_____

[1] Mother's basis for seeking reversal without a remand is that DHS failed to establish facts sufficient to permit the juvenile court to conclude that mother's conduct posed a current, nonspeculative threat of serious loss or injury. We reject that challenge without written discussion and, therefore, remand the jurisdictional judgments on the basis discussed below.

cause" under ORS 419B.918(1). And, even though mother's motion for a continuance was made orally and the court did not find a showing of good cause to allow her to participate by telephone, DHS asserts that, once the court permitted mother to appear by telephone, the court erred by not allowing her to testify on her own behalf and then establishing jurisdiction over children in mother's "absence." Accordingly, DHS requests that the case should be remanded to the juvenile court for a hearing on the petition. We agree with and accept DHS's concession, and reverse and remand the jurisdictional judgments for a hearing on the petition.

Reversed and remanded.